**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAYRON ANIBAL CUN CHOCOJ,<br><br>Petitioner,<br><br>v.<br><br>JASON BENZEL, *et al.*,<br><br>Respondents. | Civil Action No. 26-9755 (BRM)<br><br>**MEMORANDUM OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Bayron Anibal Cun Chocoj's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained under 8 U.S.C. § 1225(b). (ECF No. 1.) On August 4, 2026, Respondents filed an answer, arguing Petitioner is lawfully detained, as he requested and has been granted voluntary departure from the United States. (ECF No. 6.) Petitioner replied. (ECF No. 7.)

Petitioner, a citizen of Guatemala, entered the United States without inspection in or around May 2024. (*Id.* at 2.) On July 28, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.* at 5.) On July 29, 2026, Petitioner signed a voluntary departure and verification of departure form, in which the Department of Homeland Security ("DHS") granted Petitioner voluntary departed to before on or before September 28, 2026, at the Government's expense. (*See* ECF No. 6-2.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner seeks to challenge his detention pursuant to 8 U.S.C. § 1225(b). (ECF No. 1.) However, following DHS's grant of voluntary departure, Petitioner is no longer detained under § 1225(b). Rather, Petitioner was granted voluntary departure under 8 U.S.C. § 1229(c), and 8 C.F.R. § 240.25(c) allows for his detention pending that departure.

In his reply, Petitioner argues that Respondents have not identified what was explained to Petitioner, whether the condition of detention was specifically explained, or whether he understood the consequences of signing this Form I-210. (*See* ECF No. 7.)

The Court lacks jurisdiction to review a challenge to a grant of voluntary departure in a habeas petition. Section § 1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). This would include the decision to permit voluntary departure. *See, e.g.*, *Eras Zumba v. Blanche*, No. 26-8192, 2026 WL 2321611 at * 1 (D.N.J. Aug. 11, 2026) (finding the Court lacked jurisdiction to review petitioner's voluntary departure agreement). Accordingly, the Court lacks jurisdiction to review Petitioner's challenge to his voluntary departure agreement.

Additionally, pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely

departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added). Subsequent to the filing of his Petition, Petitioner was granted voluntary departure, and § 240.25(b) provides that conditions may be attached to the granting of voluntary departure, including "continued detention until departure."

Petitioner's Petition is therefore **DENIED**. An order consistent with this Memorandum Opinion follows.

**Dated**: September 18, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**